IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Patrick J. Bizzari Jr. | | CHAPTER 13 |
| Elizabeth T. Bizzari | Debtors | |
| | | |
| JPMorgan Chase Bank, N.A. | Movant | |
| vs. | | NO. 13-17729 AMC |
| | | |
| Patrick J. Bizzari Jr. | | |
| Elizabeth T. Bizzari | Debtors | |
| | | |
| William C. Miller Esq. | Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors' residence is $16,327.68, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2015 through November 2015 at $920.47 each |
| | December 2015 through September 2016 at $960.34 each |
| Less Suspense Balance: | ($639.48) |
| **Total Post-Petition Arrears** | **$16,327.68** |

2. Debtors shall cure said arrearages in the following manner;

   a). Within seven (7) days of the filing of this Stipulation, Debtors shall file a Motion to Amend the Chapter 13 Plan to include the post-petition arrears of $16,327.68 along with the pre-petition arrears;

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of $16,327.68 along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim;

   d). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors's attorney of the default in writing

and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 29, 2016         By:   /s/ Joshua I. Goldman, Esquire
                                        Joshua I. Goldman, Esquire
                                        Thomas Puleo, Esquire
                                        Attorneys for Movant
                                        KML Law Group, P.C.
                                        Main Number: (215) 627-1322

Date: 9/30/2016

                                        _____
                                        ANDREA B. PAUL, ESQUIRE
                                        Attorney for Debtors

Approved by the Court this 3rd day of October, 2016. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan